UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SALEH HASSEN ASKAR SHOAIBI and
WAFA SALEH ABDULLAH,

                               Plaintiffs,

                                                            Case # 20-CV-7121-FPG

v.

                                                            DECISION AND ORDER

ALEJANDRO MAYORKAS, et al.,

                               Defendants.

## INTRODUCTION

Plaintiffs Saleh Hassen Askar Shoaibi ("Shoaibi") and his wife Wafa Saleh Abdullah ("Abdullah") filed this action against Defendants—the Secretary of Homeland Security and various United States Citizenship and Immigration Services ("USCIS") officials—for Administrative Procedures Act ("APA") and constitutional violations arising out of their Form I-130 Immigrant Petition for Alien Relative ("I-130 Petition"). ECF No. 1.

Defendants filed a motion to dismiss, ECF No. 6, and in response, Plaintiffs filed a motion to amend, ECF No. 10. For the reasons that follow, Defendants' motion to dismiss is DENIED AS MOOT and Plaintiffs' motion to amend is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The Court draws the following facts from the Proposed Amended Complaint (the "Amended Complaint"), ECF No. 10-2, and accepts them as true to evaluate whether amendment would be futile. *Case v. Anderson*, No. 16 CIV. 983 (NSR), 2017 WL 3701863, at *6 (S.D.N.Y. Aug. 25, 2017) ("The central inquiry for the Court when considering a motion to dismiss in tandem with a motion to amend is, therefore, whether the proposed amended complaint can survive the motion to dismiss.").

On March 1, 2019, Shoaibi—a United States citizen—submitted an I-130 Petition on behalf of his Yemeni wife, Abdullah.  ECF No. 10-2 ¶ 36.  Pursuant to the Immigration and Nationality Act ("INA"), a United States citizen like Shoaibi who wishes to bring a foreign national relative to the United States must first file a Form I-130 with USCIS.  8 U.S.C. § 1154; 8 C.F.R. § 204.1(a)(1).  The I-130 Petition serves to establish the existence of a qualifying relationship between the United States citizen and the alien beneficiary, and approval of the I-130 is a prerequisite for the alien's admission to the United States.  As part of the I-130 Petition process, USCIS typically interviews both the applicant/petitioner and beneficiary.  If the I-130 Petition is approved, the alien beneficiary may then apply for a visa to enter the United States.

On December 2, 2020, Shoaibi appeared for an interview on his I-130 Petition with his counsel at the Buffalo Field Office of USCIS.  ECF No. 10-2 ¶ 37.  At some point during the interview, Shoaibi asked the officer for a copy of the sworn interview statement that would be produced at the end of the interview and summarize his testimony, but the officer refused to provide it.[1]  As a result, Shoaibi terminated his interview, and Abdullah's spousal interview was never scheduled.  *Id.*

Plaintiffs commenced this lawsuit on January 24, 2020, claiming, among other things, that USCIS denied Plaintiffs' right to receive a copy of Shoaibi's sworn interview statement pursuant to 8 C.F.R. § 103.2(b)(7), and asking the Court to compel USCIS to provide such a copy.  ECF No. 1.

---

[1] According to the Amended Complaint, Shoaibi demanded a copy of the sworn statement "during the interview." ECF No. 10-2 ¶ 37.  But Defendants' papers assert that "[b]efore any questioning began, Petitioner Shoaibi's counsel advised that Mr. Shoaibi would not provide a sworn statement at his interview unless USCIS agreed to immediately give him a copy of the sworn statement at the conclusion of the interview" and "USCIS advised that it would not provide a sworn statement at the interview and Petitioner Shoaibi left without answering any questions or providing any statement."  ECF No. 6-3 at 4.  Defendants' version of the events mirrors the rationale USCIS provided for subsequently denying the I-130 Petition.  *See* ECF No. 11-2.

On February 12, 2021, USCIS denied Shoaibi's I-130 Petition based on his failure to establish eligibility for approval.  ECF No. 10-2 ¶ 42.  The Decision explained that at the start of the interview, Shoaibi asked the officer to provide him with a copy of the sworn statement he would execute at the end of the interview, and the officer stated that Shoaibi would not be provided with a copy of the sworn statement at the conclusion of the interview.  After consulting with his attorney, Shoaibi "chose to end the interview without providing the required testimony."  ECF No. 11-2 at 33.  The interviewer explained the possible negative consequences of terminating the interview and that Shoaibi could request a copy of the statement through a Freedom of Information Act ("FOIA") request.  Shoaibi again confirmed his decision to terminate the interview without providing a statement.  ECF No. 11-2 at 33-34.

Plaintiffs filed a motion to amend the complaint on May 24, 2021, seeking to add information regarding the denial of the I-130 Petition.  ECF No. 10.  The Amended Complaint raises six claims against Defendants: (1) a violation of the APA, 5 U.S.C. § 706, for unlawfully denying Plaintiffs' I-130 Petition while failing to comply with their obligation to provide a copy of his sworn statement under 8 C.F.R. § 103.2(b)(7); (2) a violation of the APA, 5 U.S.C. § 553, for relying USCIS Policy Memorandum PM-602-0064, in lieu of other agency rules and 8 C.F.R. § 103.2(b)(7), to deny his request for his sworn statement; (3) a violation of the Fifth Amendment's Due Process Clause[2]; (4) a violation of the Equal Protection Clause; (5) a declaratory judgment that USCIS refused to follow its established rules; and (6) a writ of mandamus seeking—as best

---

[2] Plaintiffs allege that they bring their claims pursuant to the Fourteenth Amendment's Due Process Clause.  But that provision does not apply to the federal government; rather, the Fifth Amendment's Due Process Clause applies to the federal government.  *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law.").  Accordingly, the Court construes Plaintiffs' due process claims as arising under the Fifth Amendment.

the Court can discern to compel Defendants to provide Shoaibi with a copy of the sworn statement and to decide Plaintiffs' I-130 Petition.  ECF No. 10-2.

## DISCUSSION

### I.      Legal Standard on Motion to Dismiss and Motion to Amend

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiffs respond by moving to amend the complaint pursuant to Rule 15.  In deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quoting another source), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Rule 15(a)(2) instructs that a court 'should freely give leave [to amend] when justice so requires.'" *Willis v. Rochester Police Dep't*, No. 15-CV-6284-FPG, 2018 WL 4637378, at *2 (W.D.N.Y. Sept. 27, 2018) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013)).  A court may, however, deny leave to amend where such amendment would be "futile." *Id.*  Amendment is futile if the proposed claim "could not withstand a motion to dismiss pursuant

to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

"When—as in this case—a motion to amend is filed in response to a pending motion to dismiss, 'a court has a variety of ways in which' to proceed, 'from denying the motion [to dismiss] as moot to considering the merits of the motion [to dismiss] in light of the [proposed] amended complaint.'" *Willis*, 2018 WL 4637378, at *2 (quoting *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).  Here, the Court elects to deny the motion to dismiss as moot and address the motion to amend the complaint by considering Defendants' arguments in support of their motion to dismiss.

## II.    Abdullah Lacks Standing

Plaintiff Abdullah, as putative beneficiary of the I-130 Petition, does not have standing to bring statutory or constitutional claims regarding the I-130 Petition.  "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (citing U.S. Const., Art. III, § 2).  "The doctrine of standing gives meaning to these constitutional limits by identifying those disputes which are appropriately resolved through the judicial process."  *Id.* (internal quotation marks and brackets omitted).  "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision."  *Id.* at 157-58 (internal quotation marks and brackets omitted).  Abdullah has not and cannot show that she has suffered an injury in fact.

District courts in this Circuit have been clear that an unadmitted, nonresident alien and beneficiary of an immigration petition—like Abdullah—lacks standing to challenge an immigration application filed on his or her behalf.  *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344,

350-51 n.7 (E.D.N.Y. 2010) (explaining that courts have "reasoned that beneficiaries cannot claim an invasion of their legally protected interests sufficient to establish that they suffered an injury in fact because, as aliens, they lack any constitutionally protected right to enter the United States as a nonimmigrant"); *Li v. Renaud*, 709 F. Supp. 2d 230, 236 n.3 (S.D.N.Y. 2010) ("A District Court action for judicial review of an administrative decision concerning a Form I-130 Petition may be brought only by the Petitioner . . . not by the Beneficiary.").  Similarly, Abdullah does not have a constitutionally-protected interest in entering the United States.  *Li v. Chertoff*, No. 06 CIV 13679 LAP, 2007 WL 541974, at *2 (S.D.N.Y. Feb. 16, 2007) (acknowledging that "alien relatives do not have a constitutionally-protected interest in immigration status or a constitutional or statutory right to enter the United States"); *Blacher v. Ridge*, 436 F. Supp. 2d 602, 606 n.3 (S.D.N.Y. 2006) (considering only the due process rights alleged by employer because the employer, as "the petitioner, [was] the only party with standing to seek review of the petition's denial").

## III.    The Sixth Claim in the Amended Complaint for Mandamus is Moot

Defendants argue that the entire action is moot because USCIS denied Shoaibi's I-130 Petition.  The Court agrees that the mandamus claim is moot but disagrees that the entire Amended Complaint is moot.

Under Article III of the United States Constitution, a federal court's subject matter jurisdiction depends on the existence of an actual case or controversy through all stages of the litigation.  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation omitted).  "A court must ensure at all times that it has subject-matter jurisdiction because any ruling or judgment issued without it would be only hypothetical in nature."  *West v. DOCCS*, No. 05-CV-447, 2018 WL 514052, at *1 (W.D.N.Y. Jan. 23, 2018) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).  "One factor that can deprive a court of subject-matter jurisdiction is the absence of a live

controversy." *West*, 2018 WL 514052, at *1 (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)); *see also Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020) ("A matter that has become moot is no longer a case or controversy, and a federal court loses jurisdiction to entertain it.") (citation omitted).   "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

In their motion to dismiss, Defendants correctly assert that the original Complaint is moot. At bottom, the original Complaint asked the Court to compel USCIS to provide Shoaibi with a copy of his sworn statement and immediately decide the I-130 Petition.   Because USCIS has already denied the I-130 Petition, the Complaint is moot. *Alkady v. Luna*, No. 18-CV-1, 2019 WL 984233, at *4 (N.D. Ind. Feb. 28, 2019) (noting that "a mandamus action seeking the adjudication of an I-130 petition is rendered moot by the adjudication of the petition"); *Lihua Jiang v. Clinton*, No. 08-CV-477, 2011 WL 5983353, at *3 (E.D.N.Y. Nov. 28, 2011) (finding the plaintiff's claim "moot insofar as it seeks a writ of mandamus to order [d]efendants to perform duties they have already performed").

In their opposition to the motion to amend, Defendants attempt to apply the same argument to the Amended Complaint.   But Defendants fail to appreciate that the Amended Complaint *also* challenges USCIS's denial of the I-130 Petition.   Defendants set forth no argument as to how *this* part of the Amended Complaint is moot.   Instead, Defendants confusingly assert that because USCIS already decided the I-130 Petition, all Shoaibi's claims in the Amended Complaint are moot.   But the APA expressly permits judicial review of a final agency decision.   To hold that the final agency decision here—the denial of the I-130 Petition—is not reviewable precisely because it is final contradicts the APA and defies logic.   Accordingly, only the Sixth Claim of the Amended

Complaint, *i.e.*, for a writ of mandamus to compel Defendants to provide Shoaibi with a copy of the sworn statement and to rule on the I-130 Petition, is moot.

## IV.     Shoaibi's Remaining Claims Are Not Futile

### A.     First Claim: 5 U.S.C. § 706(2)(A)

Shoaibi claims that USCIS denied the I-130 Petition based on his refusal to complete the interview without USCIS providing him with a copy of his statement, to which Shoaibi argues he was legally entitled pursuant to 8 C.F.R. § 103.2(b)(7).   Defendants maintain that the regulations do not entitle Shoaibi to a copy of his statement at the conclusion of the interview.

Under the APA, a reviewing court shall "hold unlawful and set aside any agency action, findings, and conclusions found to be  . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  "An agency action is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Radcliffe v. United States*, No. 17-CV-512V(SR), 2020 WL 7890484, at *6 (W.D.N.Y. Nov. 23, 2020) (quoting another source), *aff'd*, No. 17-CV-512-LJV-HKS, 2021 WL 37696 (W.D.N.Y. Jan. 5, 2021).  "Additionally, an agency action may be arbitrary and capricious if they fail to follow their own procedures and regulations." *N. B. v. United States*, No. 21CV1664GRBSIL, 2021 WL 3409230, at *7 (E.D.N.Y. Aug. 3, 2021). In other words, as the Supreme Court has held, an agency "must comply, at a minimum, with its own internal procedures."  *Morton v. Ruiz*, 415 U.S. 199, 235 (1974).

In the Amended Complaint, Shoaibi alleges that USCIS did not follow its own procedures and regulations when it denied his I-130 Petition.  At this stage, the Court determines that the First Claim can proceed.

The relevant regulation, 8 C.F.R. § 103.2(b)(7), governs testimony given in support of an I-130 Petition.  That section provides that "USCIS may require the taking of testimony, and may direct any necessary investigation." *Id.*  It continues, "[w]hen a statement is taken from and signed by a person, he or she shall, upon request, be given a copy without fee." *Id.*  Volume I, Part E, Chapter 11 of the USCIS Policy Manual[3] governs sworn statements and provides that, "[i]f the applicant or petitioner requests a copy of his or her sworn statement taken during the course of the interview, the officer is to provide a copy to the requesting party."  ECF No. 1-2 at 42.

Shoaibi alleges that these regulations and polices create a "non-discretionary legal duty to provide a copy of a sworn statement to Plaintiff Saleh Shoaibi," and that Defendants failed to follow their own established rules when they denied Shoaibi's I-130 Petition based upon his invocation of that right.[4]  ECF NO. 10-2 ¶¶ 64-65.  Specifically, USCIS denied the I-130 Petition because Shoaibi "advised the officer that if a copy of the sworn statement was not going to be provided . . . , [he] would choose to end the interview without providing the required testimony." ECF No. 12-2 at 33.

Defendants agree that 8 C.F.R. § 103.2(b)(7) applies, but argue that it does not require that the USCIS interviewer provide a copy of the statement *immediately* upon request.  Defendants recognize that the regulation creates a "right to receive a copy of the statement" but argue that the

---

[3] The relevant sections of the Policy Manual are attached to the Complaint and referenced in the Amended Complaint.

[4] The Court pauses to note the odd procedural posture of Shoaibi's allegations.  According to his own reading of the regulations, USCIS must provide a copy of the statement immediately upon request.  But the statement had not yet been produced at the time Shoaibi requested a copy of it.  Shoaibi ended the interview based upon the officer's representations that Shoaibi would not be provided with a copy of the statement once it was produced.  Because the parties do not raise this issue, the Court does not address it further.

regulation is silent as to when a copy of the statement should be provided.  ECF No. 6-3 at 10.  In support of their position, Defendants argue the words "upon request" in the regulation simply trigger USCIS's duty to provide a copy of the statement, which USCIS can then provide at some future, reasonable time.  This, they say, is to ensure that the petitioning spouse does not share the statement with the beneficiary spouse before the beneficiary spouse's USCIS interview.

These arguments are specious and disingenuous.  There is nothing in the regulation to support Defendants' reading of 8 C.F.R. § 103.2(b)(7).  Nowhere does the regulation provide USCIS with discretion to decide when it can provide a copy of the statement to the petitioning spouse.  Similarly, nowhere does the regulation indicate that a statement can be withheld to prevent fraud, as Defendants argue.  Furthermore, it is worth noting the inconsistent positions taken on this issue: Defendants now claim that the regulation "recognizes the right to receive a copy of the statement"; by contrast, USCIS wrote in the Decision that a copy of the statement could only be obtained via a FOIA request.  ECF No. 11-2 at 33-34.

Accordingly, Shoaibi's proposed amendments with respect to the First Claim may proceed.

**B.      Second Claim: 5 U.S.C. § 553**

Defendants' unique interpretation of 8 C.F.R. § 103.2(b)(7)—and the rationale for denying the I-130 Petition—appears to come from USCIS's Policy Memorandum 602-0064 ("PM 602-0064"),[5] which governs I-130 petitions supported by documents from Yemen, as here.  PM 602-0064, issued on May 25, 2012, explains that a USCIS officer shall "**NOT** give a copy of the sworn statement to the petitioner at the time of the interview."  ECF No. 1-2 at 33 (emphasis in original).  In a footnote, PM 602-0064 states "[i]f the petitioner, or the petitioner's representative, requests a

---

[5] PM 602-0064 is also incorporated by reference into the Complaint and Amended Complaint.

copy of the sworn statement, the Officer should inform the petitioner or representative that he/she may request a copy through the Freedom of Information Act (FOIA) process." *Id.* at 33 n.16.

Shoaibi alleges that Defendants' reliance on PM 602-0064 conflicts with 8 C.F.R. § 103.2(b)(7), and therefore violates 5 U.S.C. § 553, which requires that agencies follow a specific notice and comment procedure when promulgating new rules. ECF No. 10-2 ¶¶ 69-71. In essence, Shoaibi alleges that the required procedures were not followed if PM 602-0064 was intended to supersede 8 C.F.R. § 103.2(b)(7).

Defendants develop no discernable argument disputing Shoaibi's legal theory challenging PM 602-0064, if it indeed supersedes or conflicts with 8 C.F.R. § 103.2(b)(7). *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Accordingly, at this stage, the Court concludes that Shoaibi may proceed with this claim.

### C.      Third Claim: Fifth Amendment Due Process

Shoaibi alleges in the Amended Complaint that Defendants violated his Fifth Amendment due process rights when they denied his I-130 Petition. ECF No. 10-2 ¶¶ 72-77. Defendants sweepingly assert that there are no due process protections in the immigration context. ECF No. 6-3 at 14. Defendants' argument is too broad.

Although it is true, as Defendants point out, that Congress can bar aliens from entering the United States for discriminatory and arbitrary reasons, once Congress—or, in this case, its delegee, USCIS—sets forth a process for adjudicating immigration decisions, it must, at the least, follow that process. In other words, it is not that Shoaibi is *entitled* to a *grant* of his I-130 Petition, but that he is entitled to a *fair adjudication* of the I-130 Petition. To that end, "a constitutionally

protected property interest attaches to 8 U.S.C. § 1154(b), and, by extension, to the adjudication of Plaintiff's Form I-130 petition." *Caplash v. Johnson*, 230 F. Supp. 3d 128, 139 (W.D.N.Y. 2017). Because Defendants raise no other objection to this claim, the Court will permit Shoaibi's Third Claim to proceed.

### D.    Fourth Claim: Equal Protection

"[I]t is well-established in the Second Circuit that the burden of proving futility rests on the party opposing the amendment." *Eliya, Inc. v. Steven Madden, Ltd.*, No. 15CV01272DRHSIL, 2017 WL 8794774, at *5 (E.D.N.Y. Feb. 2, 2017) (quoting another source), *report and recommendation adopted*, No. CV 15-1272(DRH)(SIL), 2017 WL 1190943 (E.D.N.Y. Mar. 30, 2017). Defendants do not make any discernable argument regarding the futility of the Equal Protection claim, nor did they originally move against it, therefore the Court therefore declines to address it here. Accordingly, Shoaibi's Fourth Claim can proceed.

### E.    Fifth Claim: Declaratory Judgment

 For the same reasons, Shoaibi's Fifth Claim can proceed. Defendants do not make any argument regarding the futility of the Declaratory Judgment claim and the Court therefore declines to address it.

### CONCLUSION

For the reasons explained above, Defendants' motion to dismiss, ECF No. 6, is DENIED AS MOOT, and Plaintiffs' motion to amend, ECF No. 10, is GRANTED IN PART and DENIED IN PART.

The Amended Complaint is now the operative pleading but only the following claims, as articulated in the Amended Complaint, may proceed on behalf of Plaintiff Shoaibi against all Defendants: (1) a violation of the APA, 5 U.S.C. § 706, for unlawfully denying Plaintiffs' I-130

Petition while failing to comply with their obligation to provide a copy of his sworn statement under 8 C.F.R. § 103.2(b)(7); (2) a violation of the APA, 5 U.S.C. § 553, for relying USCIS Policy Memorandum PM-602-0064, in lieu of other agency rules and 8 C.F.R. § 103.2(b)(7), to deny his request for his sworn statement, without following the required notice and comment procedures; (3) a violation of the Fifth Amendment's Due Process Clause; (4) a violation of the Equal Protection Clause; (5) a declaratory judgment that USCIS refused to follow its established rules.

The Sixth Claim for Mandamus is dismissed.

Abdullah shall be terminated as a plaintiff in this action.

Plaintiff Shoaibi shall file the Amended Complaint, with the changes noted in this Decision and Order, no later than November 3, 2021.  Defendants shall file their answer no later than November 24, 2021.

IT IS SO ORDERED.

Dated:  October 21, 2021
        Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court